EMAS, J.,
concurring in result.
I concur in denying the petition on the basis that petitioner in his direct appeal failed to raise or establish the claim he now asks us to consider on second-tier certiorari. As the majority notes, the trial court denied Lezcano’s for-cause challenges of two prospective jurors: James and Cuevas. After Lezcano exhausted all of his peremptory challenges, he requested, and the trial court granted, one additional peremptory challenge, which Lezca-no then utilized to strike Cuevas.
On direct appeal, Lezcano claimed he was entitled to a new trial because the trial court had erroneously denied Lezcano’s for-cause challenge of James. No claim was raised, or argument made, regarding error in the trial court’s denial of Lezca-no’s for-cause challenge of Cuevas. This failure was fatal because, given the trial court’s granting of an additional peremptory challenge, Lezcano could prevail on his *1027 direct appeal only if he established that the trial court erred in denying Lezcano’s for-cause challenge of both prospective jurors.
Overton v. State, 801 So.2d 877 (Fla.2001) is directly on point. In Overton, the trial court denied defendant’s for-cause challenges of two prospective jurors — Russell and Heuslein. After exhausting all of' his peremptory challenges, defendant .requested and was granted one additional peremptory challenge. The Court explained the burden which must be met under these circumstances:
[T]o prevail with this argument, Overton must establish that the trial court erred in denying the challenges for cause as to both Russell and Heuslein because the trial court did award the defense one additional peremptory challenge, thereby replacing one of the peremptory challenges expended on either Russell or Heuslein. This issue could only constitute reversible error if we conclude that the trial court erred in denying the challenges as to both of these potential jurors. See, e.g., Watson v. State, 651 So.2d 1159, 1162 (Fla.1994) (“Since the trial judge gave Watson one additional peremptory challenge, he is not entitled to reversal unless both jurors were improperly excused.”); Cook v. State, 542 So.2d 964, 969 (Fla.1989) (“Because the trial judge granted the appellant’s motion for one additional challenge, appellant is entitled to have his conviction reversed only if he can show that the judge abused his discretion in refusing to excuse both jurors Sergio and Boan for cause.”).
Id. at 889-90 (underscore emphasis added).
The instant case presents the identical situation. On appeal, Lezcano was therefore required to assert and establish that the trial court erred in denying the for-cause challenges as to both Cuevas and James.[2] By granting- an additional peremptory challenge, the trial court “cured” any potential error as to one of the two jurors.[3] It may well be that the trial court was correct in denying the' for-cause challenge as to James or as to Cuevas (or perhaps correct as to both). However, by limiting his claim to one challenging -the trial court’s failure to excuse James for cause, Lezcano is not entitled to relief because Lezcano could have utilized the additional peremptory challenge to strike James. Instead, Lezcano chose to use the additional peremptory challenge to strike Cuevas. Lezcano’s decision to use this additional peremptory challenge to strike Cuevas (as opposed to James) is not determinative of what Lezcano must establish on appeal. By addressing only the court’s denial of the for-cause challenge of James, Lezcano ignored the possibility (and the legal presumption) that the trial court properly denied the for-cause challenge of Cuevas, that Cuevas was qualified to serve as a juror, and that Lezcano should there *1028 fore have used the additional peremptory challenge to strike James (as opposed to Cuevas). By contrast, if on direct appeal Lezcano asserted and demonstrated that the trial court erred in denying both for-cause challenges, then the granting of one additional peremptory challenge would not cure the error; the erroneous denial of two for-cause challenges could only be cured by granting two additional peremptory challenges. Therefore, without asserting and establishing that the trial court’s actions were erroneous as to both James and Cuevas, Lezcano failed to demonstrate reversible error and could not prevail on his direct appeal.
Because Lezcano failed to raise or properly establish this claim on appeal, I would deny the petition on this basis and would not reach the merits.

. The circuit court, in affirming, did not address this fatal flaw in Lezcano’s appeal, and instead reached the merits of Lezcano’s claim that the trial court erred in its denial of a for-cause challenge of James. Lezcano urges us to ignore his own failure to properly raise the issue on direct appeal and to correct what he characterizes as the circuit court's misapplication of the law. I would decline the invitation to address the merits given that the result reached by the circuit court was correct, even if it was arguably for the wrong reason.
Lezcano cannot reasonably suggest that he should reap a benefit from his own failure to properly sow the very claim he now requests us to review.

. Had the trial court denied any additional peremptory challenge, Lezcano could prevail by establishing that the trial court erred in denying the for-cause challenge of either James or Cuevas.